UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROON ALI, on behalf of a class of others similarly situated,** : <br> : <br> **Plaintiff(s),** : <br> : <br> vs. : <br> : <br> **DALE CORP.,** *et al.* : <br> : <br> **Defendants.** : | **CIVIL ACTION NO. 17-1537** |

**DEFENDANT DALE CORP.'S MEMORANDUM OF LAW IN OPPOSITION (ECF No. 7) TO PLAINTIFF HAROON ALI'S MOTION TO REMAND (ECF NO. 5)**

                                **COHEN SEGLIAS PALLAS
GREENHALL & FURMAN, P.C.**

Dated:  May 18, 2017               */s/ Joshua A. Brand, Esq.*
                                     **JONATHAN LANDESMAN, ESQUIRE
JOSHUA A. BRAND, ESQUIRE**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA  19103
Phone: (215) 564-1700
Fax:    (215) 564-3066
Email:  jladesman@cohenseglias.com
         jbrand@cohenseglias.com
*Attorneys for Defendant, Dale Corp.*

Defendant Dale Corp., by and through its undersigned counsel, hereby submits the following memorandum of law in opposition to Plaintiff Haroon Ali's Motion to Remand (ECF No. 5).

## I. Introduction

Plaintiff Haroon Ali ("Ali") filed a class action complaint in the Philadelphia Court of Common Pleas asserting claims under the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Minimum Wage Act, and the common law tort of conversion, all of which arise out of single set of facts: that his former employer, DLG Development Corp. ("DLG"), unlawfully withheld a portion of his wages (and the wages of other non-union employees) by making benefit contributions to a union fund for work that he performed on a construction project known as "Oakdale." The Oakdale project was a federally funded construction project and governed by the prevailing wage requirements set forth in the federal Davis-Bacon Act ("DBA"). Defendant Dale Corp. ("Dale") was the construction manager on the project that subcontracted with Ali's and Barham's employer, DLG.

In his complaint, Ali pleads his claims as arising exclusively under state law avoiding any reference to the DBA. However, the actual theory of relief upon which Ali's claims are based was finally revealed with the filing of his motion for class certification, in which Ali makes crystal clear that his claims, at least with respect to Dale, are premised exclusively on a violation of federal law – the DBA.[1] Specifically, Ali sets forth, at great length, an argument in his motion for class certification that payment of the fringe benefit component of a non-union employee's prevailing wages to the union fund is not adequate to "discharge the employer of its prevailing wage obligation" under the DBA. Ali's entire claim for class-wide relief is premised on his

---

[1] In addition, Ali submitted an expert report on March 6, 2017 wherein the expert purports to opine that Dale violated the DBA. Dale included that report in its Notice of Removal to this Court.

2

interpretation of federal law. In other words, Ali seeks vindication of a right under state law based exclusively on an alleged violation of a federal statute, which gives this Court subject matter jurisdiction over their claims. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983).[2]

In his motion to remand, Ali acknowledges the relevance of the DBA to his claims, but makes the self-serving and unsupported assertion that the DBA is "not central to the focus of the complaint." This statement, however, is belied by Ali's motion for class certification wherein he relies *exclusively* on the DBA, and cites exclusively to federal authorities interpreting the DBA, in order to assert "commonality" (or a "common source of liability") among the class members whom he purports to represent.[3] Ali also attempts to avoid federal jurisdiction by asserting that the absence of a private right of action under the DBA precludes this Court from exercising jurisdiction over his claims. But as the Supreme Court plainly established in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 125 S.Ct. 2363 (2005), that is not the case. The absence of a private right of action is not a bar to federal jurisdiction where, as here, the federal question is an essential element of the relief asserted. In this case, it is not even a close call – the DBA is the *only* asserted basis for relief with respect to Ali's state law claims.

Thus, for the reasons set forth herein, Ali's Motion to Remand should be denied.

---

[2] Ali's interpretation of the DBA is wrong as the payment of fringe benefits to a union fund does discharge an employer of its obligation for its payment of the fringe benefit component of an employee's prevailing wages under the DBA. As has been conclusively established in the discovery in the Ali action, Ali and other non-union employees were entitled to receive the benefits from the union fund once they worked the required number of hours in order to be vested. However, these issues are not before the Court on Ali's motion to remand.

[3] Furthermore, the expert report that Ali submitted in this action on March 6, 2017 relies entirely upon the alleged violation of the DBA to calculate the damages which the purported expert submits are owed to Ali and the other non-union employees of DLG. Dale's Notice of Removal included a copy of that expert report.

## II.     Factual and Procedural Background

Ali commenced this action by filing a complaint in the Philadelphia Court of Common Pleas on February 24, 2016. (Ali Complaint, Exhibit A). Ali's complaint, as plead, purports to assert claims arising out of an allegation that his former employer, DLG, "reduced" his hourly wage to pay "union dues" on his behalf, which Ali, in conclusory terms, asserts was a violation of the Pennsylvania Wage Payment and Collection Law, Pennsylvania Minimum Wage Act, and conversion. (Exhibit A, ¶¶ 18, 22).

On March 31, 2017, Ali filed a motion for class certification. (Ali Motion for Class Certification with Supporting Brief, Exhibit B). As factual support for his motion, Ali asserts that: (1) Ali purports to represent a class of non-union employees of DLG; (2) DLG was contracted by Dale to perform work on a federally funded project that was governed by the DBA and its prevailing wage requirements; (3) DLG paid the fringe benefit component of Ali's prevailing wages to the Laborers' District Council Benefit Fund ("Laborers' Fund"); (4) DLG and Dale were cited by the project owner, PHA, for DLG's failure to pay the prevailing wages required under the DBA to its employees; (5) Dale, pursuant to its contract with PHA, was required to remediate DLG's failure to comply with the DBA; and (6) Dale did, in fact, remediate DLG's failure to comply with the DBA by issuing a check to the Laborers' Fund on behalf of all DLG employees. (Exhibit B, pgs. 1-2 of Supporting Brief, un-paginated).

In the section of Ali's brief that addresses the "commonality" prong of the class certification standard, *i.e.*, a "common source of liability," Ali asserts that Dale did not discharge its obligation under the DBA to pay the statutorily mandated prevailing wage because Ali was not a union member. (Exhibit B, pgs. 4-8 of Supporting Brief, unpaginated). In support thereof,

Ali cites exclusively to federal case law interpreting the DBA, the U.S. Department of Labor Field Operations Handbook, and the U.S. Department of Labor website. (*Id.*) Ali does not set forth a single Pennsylvania authority in his motion for class-wide relief in order to assert the "commonality" prong of the class certification standard.[4]

On April 5, 2017, Defendant Dale Corp. removed the Ali complaint and the "companion" Barham case[5] to this Court on the basis of federal question jurisdiction, and specifically Ali's reliance on the DBA as the central (and indeed only) basis for relief. On May 4, 2017, Ali filed a Motion to Remand. Dale now submits this memorandum of law in opposition to Ali's motion to remand and, separately, a motion for judgment on the pleadings.

## III. Argument

Ali's motion to remand rests on two arguments: (1) that this Court does not have jurisdiction because the DBA does not provide a private cause of action; and (2) Dale's notice of removal is untimely because it was filed more than thirty (30) days after Ali filed his complaint. Ali is wrong on both counts. This Court does have federal question jurisdiction because the DBA is the *only* asserted basis for class-wide relief on Ali's state law claims in his motion for class certification. Dale's notice of removal is timely because it was filed within thirty (30) days of when Ali first set forth the federal basis for his claims, *vis-à-vis* his motion for class certification, or alternatively, his expert report.

---

[4] Ali's argument in his motion for class certification echoes the expert that he submitted on March 6, 2017 wherein his purported expert opines that the basis for damages to which Ali and other non-union employees of DLG are owed is based upon "DLG and/or Dale's" payment of the fringe benefit component of their prevailing wages to the Laborers' Fund, which the expert asserts was a violation of the DBA.

[5] On March 9, 2017, another former employee of DLG, Frederick Barham, filed what he characterizes as a "companion" case which arises out of the exact same set of facts and issues as the Ali action. That action is before this Court.

> **A.     *This Court has subject matter jurisdiction because a federal claim is the essential, and only, element of Ali's stated right to relief under the state law.***

A federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well-settled that the test for whether a civil action "arises under" federal law is not limited to where a federal cause of action is asserted by a plaintiff in his complaint, but also "where the vindication of a right under state law necessarily turns on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983). In other words, even though a state law may create a plaintiff's cause of action, a case might still "arise under" federal law if the right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties. *Id.* In this case, Plaintiffs' state law claims unquestionably turn on a question of federal law: whether the payment of the fringe benefit component of their prevailing wages can give rise to a cognizable violation of the DBA.

Ali attempts to avoid this Court's jurisdiction based on the demonstrably false premise that "[t]he Davis-Bacon Act does not create a private cause of action, and, therefore it cannot give this court subject matter jurisdiction." (Ali Br. in Support of Mtn. to Remand, p. 5). In reliance on that statement, Ali cites exclusively to case law pre-dating the Supreme Court's decision, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 125 S.Ct. 2363 (2005), in which the Court held exactly the opposite. At issue in *Grable* was whether the removal of a quiet title action from state court to federal court was proper where the plaintiff alleged that the defendant's seizure of property violated the notice provision contained within Internal Revenue Code § 6335(a). *Grable*, 545 U.S. at 311. The plaintiff (Grable) argued, just as Ali does here, that his reliance on a federal law – IRC § 6335(a) – could not

provide a basis for removal to federal court because there was no federal right to enforce that provision of the Internal Revenue Code. *Id.* The Court rejected the plaintiff's argument and his interpretation of *Merrell Dow v. Thompson*, 106 S.Ct. 3229 (1986) for support of his position (which Ali relies upon exclusively in his motion to remand), explicitly finding that a federal cause of action is not a necessary pre-condition for federal jurisdiction. *Id.* Rather, whether a case does invite federal jurisdiction turns on whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. A notable example can be found in the case, *Ibrahim v. Mid-Atlantic Air of DC, LLC*, 802 F.Supp.2d 73 (D.D.C. 2011), in which a complaint asserting a state contract claim was removed to federal court where the claim was based on an alleged violation of the DBA. *Ibrahim*, 802 F.Supp.2d at 74.

Setting aside Ali's unsupported and self-serving assertions to the contrary, there can be no question that the DBA is not only essential to his state law claims, but it is a central and dependent tenet of his claims. This much is told through Ali's motion for class certification wherein he asserts the DBA as the sole basis for class-wide relief under the commonality prong that is necessary to satisfy the class certification standard under Pennsylvania law. In fact, Ali's motion is notable in that it does not cite to a single authority decided under Pennsylvania law for his supposed right to class-wide relief.

The questions that Ali is asking the state court to consider and resolve are exclusively federal in character and should lie with the federal judiciary, not the state court. As discussed in Dale's motion for judgment on the pleadings, the DBA is governed by a comprehensive regulatory and administrative scheme that was set out at great length by Congress. To permit the

state law to be used as a vehicle to assert a DBA violation would have serious and lasting implications on the manner by which the DBA is implemented and enforced. It should be for a federal court, and not a state court, to determine whether state law remedies can be grafted onto the DBA.

It is painfully obvious that Ali seeks to dodge federal question jurisdiction at all costs. But Ali cannot avoid the inevitable any longer. As is clear from Ali's motion for class certification, Ali's state law claims turn entirely on a question of federal law – the DBA. Accordingly, this Court has federal question jurisdiction over Ali's claims.

### B.     *The Notice of Removal is Timely Because it Was Filed Within Thirty (30) Days of the First Paper in Which Ali Set Forth The Federal Basis for His Claims*

"The removability of a legal matter is determined from the plaintiff's pleadings at the time of removal." *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013) (*citing Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951)). Where the substance of an initial complaint provides a basis for federal jurisdiction, a notice of removal must be filed within thirty (30) days after the initial complaint is received by the defendant. 28 U.S.C. 1446(b)(2)(b). Where, however, a case cannot be removed based on the substance of the initial complaint, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In Ali's motion to remand, he argues that Dale's Notice of Removal is untimely because it was filed more than thirty (30) days after Ali filed his complaint. As an initial matter, this argument is self-defeating insofar as Ali argues elsewhere in his Motion to Remand, albeit incorrectly, that the claims asserted in his complaint arise exclusively under state law. To that end, Ali artfully (or misleadingly) initially plead his claims as arising exclusively under state

law.  He later established with his motion for class certification that his claims, in reality, are based on federal law.  Unfortunately, Dale was held captive to Ali's misleading characterizations of his claims and, therefore, simply had no opportunity to remove Ali's complaint at the time when it was filed.  An example of the fate that would likely have befallen Dale had it filed its removal based upon Ali's initial complaint is illustrated in the case, *Castro v. Molecular Systems, Inc.*, 963 F.Supp.2d 3 (D. D.C. 2013) in which the Defendant attempted to remove a plaintiff's state law breach of contract claims to federal court where the disputed wages were governed by the DBA.  The district court remanded the case based upon its finding that the Plaintiff (who was "master" of his complaint) did not assert the DBA as the basis for his claims.  *Castro*, 963 F.Supp.2d at 5.  Dale was constrained by Ali's artful pleading of his complaint until Ali explicitly set forth, through his motion for class certification and expert report, the actual basis for his claims, which is the DBA.  *See, e.g., Bishop v. Sam's East, Inc.*, et al., 2009 WL 1795316, *4 (removal timely where filed within thirty days of reply to new matter and initial complaint was insufficient to provide basis for removal) (citing cases);  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, (upholding removal ten months after filing of complaint and before start of trial where initial complaint was "indeterminate" as to basis for federal jurisdiction).  Because there is no dispute that Dale removed this action within thirty (30) days of when Ali set forth the federal basis for his claims, Dale's Notice of Removal is timely.

**IV.     Conclusion**

Therefore, because the state law claims asserted by Ali turn exclusively on an interpretation the DBA, this Court has subject matter jurisdiction over his claims.  Furthermore, Dale's notice of removal was timely because it was filed within thirty (30) days of when Ali first set forth the federal basis for his claims.

Respectfully Submitted,

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.**

Dated: May 18, 2017 */s/ Joshua A. Brand, Esq.*
**JONATHAN LANDESMAN, ESQUIRE**
**JOSHUA A. BRAND, ESQUIRE**
United Plaza, 19th Floor
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 564-1700
Fax: (215) 564-3066
Email: jladesman@cohenseglias.com
jbrand@cohenseglias.com
*Attorneys for Defendant, Dale Corp.*

## CERTIFICATE OF SERVICE

I, Joshua A. Brand, Esquire, hereby certify that on this 18th day of May, 2017, a true and correct copy of the foregoing Memorandum in Opposition to Plaintiff's Motion to Remand has been filed electronically and is available for viewing and downloading from the ECF system and was served upon the following:

**Via Electronic Notification**
Thomas More Holland, Esquire
Law Offices of Thomas More Holland
1522 Locust Street
Grace Hall
Philadelphia, PA  19102

**Via Electronic Notification**
Catherine S. Straggas, Esquire
Margolis Edelstein
The Curtis Center
170 S. Independence Mall West, Suite 400E
Philadelphia, PA

**Via Email**
David L. Gross
11 Tomahawk Drive
Burlington, NJ 08016
davidlgross@msn.com

*/s/ Joshua A. Brand, Esquire*
**JOSHUA A. BRAND, ESQUIRE**