IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROON ALI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 17-1537 |
| v. | : | |
| | : | |
| DLG DEVELOPMENT CORP., et al., | : | |
| | : | |
| Defendants. | : | |

**October 23, 2017**                                                                                       **Anita B. Brody, J.**

### MEMORANDUM

### I. INTRODUCTION

This case addresses whether state law claims with an embedded federal issue involving the Davis-Bacon Act "arise under" federal law. Based on the test laid out in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing.*, 545 U.S. 308 (2005), the Davis-Bacon issue is not substantial. Thus, there is no federal question jurisdiction. The Supreme Court has likened jurisprudence in this area to a Jackson Pollock painting. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Today, in an effort to clarify the image, I add another brush stroke.

On February 24, 2016, Plaintiff Haroon Ali filed a class action complaint in the Philadelphia County Court of Common Pleas on behalf of himself and other similarly situated individuals. The complaint pled state law claims against Defendants Dale Construction,[1] DLG

---

[1] In his state law complaint, Ali erroneously refers to Dale Construction as "Dale Corp."

1

Development Corporation, Evette Smith, David Gross, and Eric Smith.[2] Plaintiff later joined the Philadelphia Housing Authority ("PHA") as a defendant. All parties were residents of Pennsylvania, and the complaint alleged only state law claims with no reference to federal law. On March 31, 2017, Ali filed a Motion for Class Certification that made clear—for the first time—that his prior state law claims relied on the Davis-Bacon Act. On April 5, 2017, Defendants removed to federal court based on federal question jurisdiction. On May 4, 2017, Ali filed a Motion to Remand. For the reasons stated below, I will grant Ali's motion and remand the case to state court.[3]

## II.  BACKGROUND[4]

Ali worked as a laborer on a Philadelphia Housing Authority ("PHA")[5] development project called Oakdale. On the project, he was directly employed by DLG Development, a subcontractor for Dale Construction. Ali worked for DLG from April 1, 2014 through April 10, 2015. Compl. ¶ 13, ECF No. 1-1. During his employment his wages were reduced from $48.65 per hour to $25.65 per hour. Compl. ¶ 18. The money subtracted from his wages—$23 per hour—was paid to the union, ostensibly to provide fringe benefits to workers. *See* Compl. ¶¶ 18-

---

[2] On June 7, 2016, default judgments were entered in state court against Defendants DLG Development, Evette Smith, David Gross, and Eric Smith. Pl.'s Mot. for Leave to File Am. Class Action Compl. ¶ 3, ECF No. 1-44, at 4. It is unclear why those Defendants continue to appear on the docket. Regardless, because I am issuing a remand, the state court can sort out whether they are still part of the litigation.

[3] I will also remand this case's companion case, *Barham v. DLG Development Corp.*, No. 17-1538 (E.D. Pa. filed April 5, 2017). That remand will be part of a separate order, but it will incorporate this opinion's reasoning on federal question jurisdiction.

[4] The facts for this section that are alleged in Ali's Complaint and Motion for Class Certification are taken as true.

[5] The PHA is a local agency that is primarily funded by the federal government. *See* Philadelphia Housing Authority About PHA Page, http://www.pha.phila.gov/aboutpha.aspx (last visited October 19, 2017).

20. Ali could not benefit from those payments to the union because he was not a union member. Compl. ¶ 22.

On August 17, 2015, the PHA's Wage Compliance Unit ("WCU") issued a citation to Dale and DLG for a violation of the Davis-Bacon Act ("DBA")[6] on the Oakdale project. *See* August 17, 2015 Citation Notice to Dale Corporation, ECF 11-14 [hereinafter August 17, 2015 Citation]. The citation concluded that Dale and DLG owed back wages to six individuals— including Haroon Ali. *See* August 17, 2015 Wage Compliance Review 3, ECF No. 11-14. The citation stated that Dale and DLG had submitted part of the six individuals' prevailing wage to the Laborer's District Council Benefits Fund ("Fund") to pay for fringe benefits. August 17, 2015 Citation. Those individuals, however, were not members of the union and therefore had "no access to the fringe benefits through the Fund." *Id.* To remedy the Davis-Bacon Act violation, the citation instructed Dale and DLG to pay the fringe benefit portion of the prevailing wages directly to the six individuals. *Id*. Three more citations were issued on similar Davis-Bacon

---

[6] The Davis-Bacon Act, 40 U.S.C. §§ 3141 *et seq*, is "a minimum wage law designed for the benefit of construction workers." *United States v. Binghamton Constr. Co.*, 347 U.S. 171, 178 (1954). The law mandates the payment of minimum wages to "various classes of laborers and mechanics" who work on federally funded construction projects. 40 U.S.C. § 3142(a). Local public housing projects are often covered by the Davis-Bacon Act. *See* 42 U.S.C. § 1437j(a). If a project is governed by the Davis-Bacon Act, then prevailing wages are paid at a rate set by the Department of Labor. 40 U.S.C. § 3142(b). The prevailing wage includes the hourly rate of pay plus fringe benefits, such as medical insurance, pensions, and vacation pay. *Id*. § 3141(2)(B). Fringe benefits can be paid as a rate of contribution to a "fund, plan, or program." *Id.* § 3141(2)(B)(i). The statute indicates an administrative remedy for workers that are underpaid allowing them to seek payment directly from the Secretary of Labor. *See id.* § 3144(a)(1).
  Any entitlement to a prevailing wage in Pennsylvania derives from either the Davis-Bacon Act or its state counterpart, the Pennsylvania Prevailing Wage Act. The PA Prevailing Wage Act operates similarly to the Davis-Bacon Act except that it only applies to projects that are funded by the Commonwealth of Pennsylvania. *See* 43 Pa. Stat. §§ 165-2, 165-3. By its own terms, the PA Prevailing Wage Act does not apply to projects where the Davis-Bacon Act applies. *See id.* § 165-15 ("This act shall have no application to any public works subject to . . . the Davis Bacon Act . . . .").

violation grounds. In response, Dale issued additional checks to the Fund rather than to the individuals. *See* Pl.'s Mot. Class Certification 1-2, ECF No. 7-2, at 20. Ali was never paid the additional wages.

On February 24, 2016, Ali filed a class action complaint in the Philadelphia County Court of Common Pleas seeking the money from DLG and Dale that he was owed. The complaint makes no reference to the Davis-Bacon Act or the citations issued by the PHA.[7] Instead, Ali merely alleged that Oakdale was a "Prevailing Wage assignment"—entitling him to a "Prevailing Wage"—with no mention of federal law. Compl. ¶¶ 15-16. Based on that entitlement, Ali asserted claims for a violation of the Pennsylvania Wage Payment & Collection Law (PWPCL), a violation of the Pennsylvania Minimum Wage Act (PWA), and conversion. *See* Compl. ¶¶ 31-51. The complaint is vague as to the exact source of the prevailing wage entitlement and how that entitlement fits into Ali's state law claims.

The case was litigated in state court for over a year. During that time the parties conducted extensive discovery, including depositions. On March 31, 2017, Ali filed a motion for class certification. The motion refers to the PHA citations against Dale and DLG, and the Davis-Bacon Act is the only statutory source of law it discusses to establish a prevailing wage entitlement. *See* Pl.'s Mem. Class Certification 1-4, ECF No. 7-2, at 27. The allegations in the motion mirror the findings made by the PHA in the April 2015 citation. The motion also mentions that class members had tried to access the Fund but were denied for various reasons. *See id.* at 2 n.13. Therefore, the motion brings into clarity for the first time that Ali, in his original complaint, was seeking direct payment for the fringe benefits that Dale and DLG had

---

[7] On March 3, 2016, Ali joined the PHA as a defendant. Praecipe to Join Additional Def., ECF No. 1-2. On September 28, 2016, Ali filed an amended joinder complaint alleging claims against the PHA for a violation of the Pennsylvania Prevailing Wage Act and the Public Works Contractors' Bond Law. Am. Joinder Compl. ¶¶ 20-29.

4

paid into the Fund, and that those benefits were guaranteed as part of the prevailing wage under the Davis-Bacon Act.

Once Dale realized that Ali's claims were predicated on the Davis-Bacon Act, it removed to federal court. On April 5, 2017, Dale, with the consent of the other Defendants, filed for removal.[8] On May 4, 2017, Ali filed a motion to remand.

## III. DISCUSSION

Ali presents two arguments in favor of remand. First, he argues that Dale's removal was untimely. Second, he argues that Dale[9] has failed to raise a sufficient federal issue to merit federal question jurisdiction. Although Dale's removal was timely, Ali's motion to remand will be granted.

### A. Timeliness of Removal

Ali argues that because Dale's notice of removal was filed more than thirty days after his complaint was filed in state court, the removal was untimely. Ali is correct that typically a notice of removal must be filed within thirty days after the defendant receives the complaint. 28 U.S.C. § 1446(b)(2)(B). But, the removal statute allows an exception. If a subsequent "amended pleading, motion, order or other paper" establishes that a case can be removed, then a defendant may remove thirty days from receipt of the subsequent material. 28 U.S.C § 1446(b)(3) (emphasis added).

Here, although Ali's original complaint made no reference to federal law or the Davis-Bacon Act, his subsequent motion for class certification squarely presented the federal issue. The

---

[8] Dale also removed the companion case, *Barham*, at the same time.

[9] Dale has taken the lead on providing briefing for Defendants. The PHA has joined Dale's briefs, while the status of DLG Development, Evette Smith, David Gross, and Eric Smith remains unclear, see *supra* note 2.

5

motion for class certification stated that "Mr. Ali is pursuing claims for failure of the Defendants to pay him the fringe benefit portion of the prevailing wage." Pl's Mem. Class Certification 9. The motion argues that Dale and DLG were obligated to make the fringe benefit contributions in cash as part of "the prevailing wage under [the Davis-Bacon Act]." *Id*. at 8. The motion makes clear that Ali is asserting his state law claims based on a violation the Davis-Bacon Act. Defendants were not on notice of this federal issue until the Motion for Class Certification. Thus, Dale had thirty days from that point to remove. On March 31, 2017, Ali filed the motion. On April 5, 2017, Dale filed the notice of removal. Therefore, Dale's notice of removal was timely.[10]

### B. Federal Question Jurisdiction

Ali next argues that his state law claims—that are premised on a violation of the Davis-Bacon Act—do not confer federal question jurisdiction. "Federal courts are courts of limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if that court would have had original jurisdiction. 28 U.S.C. § 1441(a). Here, Dale asserts removal based on federal question jurisdiction. Federal question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal issue must be raised in the plaintiff's "well-pleaded complaint." *New Jersey Carpenters & the Trustees Thereof v. Tishman*

---

[10] In the Rule 16 conference on September 27, 2016, Ali's counsel briefly alleged, for the first time, that Dale was on notice of the federal nature of Ali's claims prior to the Motion for Class Certification. Ali's counsel made a passing reference to a December 2016 deposition and the citations issued by the PHA against DLG and Dale. It is clear that the Davis-Bacon Act was referred to in the deposition of Dale's Vice President of Operations. *See* Dep. Tr. Jay Ferraro 155, ECF 11-12. The Act was also referred to in the citations from the PHA. *See, e.g.*, August 19, 2015 Citation. But, those references do not establish that Ali's claims were predicated on an issue of federal law. Therefore, Dale was not on sufficient notice that the case was removable until the Motion for Class Certification. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001) (finding that a case becomes removable only when a defendant can "intelligently ascertain" removability).

*Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 8 (1983)).[11]

A case can arise under federal law in two ways.[12] First, federal law can create the cause of action asserted. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Federal causes of action "account[] for the vast bulk of suits that arise under federal law." *Id*. (citing *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 9). Second, and relevant here, there is a "special and small category" of cases where federal jurisdiction exists although the asserted claims originate under state law. *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006). The test for these types of cases was laid out by the Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), and refined in *Gunn*.[13]

---

[11] Dale's argument that it should be for a federal court to determine whether state law claims can be "grafted onto the [Davis-Bacon Act]," Def's Mem. Opp'n. Remand. 8, ECF No. 7-1, goes beyond Ali's well-pleaded complaint and cannot be considered for jurisdictional purposes. Dale's argument can be interpreted as either raising a defense that Ali failed to exhaust federal administrative remedies or a defense that state remedies are preempted by the Davis-Bacon Act. Neither of those federal defenses can be considered as part of a well-pleaded complaint, even if they would ultimately require dismissal of the claims. *See Franchise Tax Bd. of State of Cal.*, 463 U.S. at 12 ("By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." (quoting *Gully v. First Nat. Bank*, 299 U.S. 109, 116 (1936)).

[12] Federal jurisdiction can also exist if federal law completely preempts any state law claims asserted. However, complete preemption has been applied by the Supreme Court to only three statutes: § 301 of the LMRA, §502(a) of ERISA, and §§ 85 and 86 of the National Bank Act. *New Jersey Carpenters & the Trustees Thereof*, 760 F.3d at 302. The Davis-Bacon Act does not provide for complete preemption. *Isufi v. Prometal Constr., Inc.*, 927 F. Supp. 2d 50, 57-58 (E.D.N.Y. 2013).

[13] In *Gunn*, the Court was addressing a question of federal patent jurisdiction interpreting the "arising under" language of 28 U.S.C. § 1338(a). The Court stated that due to the "demands of '[l]inguistic consistency,' we have interpreted the phrase 'arising under' in [§ 1331 and § 1338(a)] identically, applying our . . . precedents interchangeably." *Gunn*, 568 U.S. at 257 (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808–809 (1988)).

Federal jurisdiction will lie over a state law claim if the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable*, 545 U.S. at 313-14). Only when all four of these requirements are met is it proper for a federal court to exercise jurisdiction over this "slim category" of cases. *Id*. Additionally, in the context of removal, all doubts regarding whether a case fits into the "slim category" should be resolved in favor of remand. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In this case, the federal issue—the Davis-Bacon Act—is necessarily raised and actually disputed, but it is not substantial. Without a substantial federal issue, the fourth prong on federal-state balance need not be addressed. Accordingly, there is no federal question jurisdiction to support removal.

### 1. Necessarily Raised

A federal issue is necessarily raised when resolution of the issue is required for the plaintiff to prevail. *See Gunn*, 568 U.S. at 259. In other words, the federal issue "is a necessary element of one of the well-pleaded claims." *See In re Lipitor Antitrust Litig.*, 855 F.3d 126, 143 (3d Cir. 2017), *as amended* (Apr. 19, 2017). Based on Ali's Motion for Class Certification it is apparent that Defendants' alleged failure to provide Ali with the federally mandated prevailing wage undergirds each state law claim. In that motion, Ali only discusses Defendants' duties under federal law—making the necessity of the federal issue clear.

### 2. Actually Disputed

The federal issue is actually disputed. While some facts are in dispute, the main allegation is that Dale and DLG did not pay Ali the prevailing wage that he was owed under the Davis-Bacon Act. Although the prevailing wage rate itself is undisputed, Dale argues that the

Davis-Bacon Act violation was properly remediated—eliminating its liability. Thus, the federal issue is disputed.

### 3.  Substantial

Dale's arguments against remand fail because the Davis-Bacon issue is not substantial. "[I]t takes more than a federal element 'to open the "arising under" door.'" *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 701 (quoting *Grable*, 545 U.S. at 313). To establish federal jurisdiction, the federal issue must be substantially important to the "federal system as a whole." *Gunn*, 568 U.S. at 260. Supreme Court case law suggests three factors to consider to determine if a federal issue is substantial: (1) whether the issue will have broad impact on the Federal Government, *id.* at 260; (2) whether the issue presents a pure legal question, *Empire Healthchoice Assurance, Inc.*, 547 U.S. at 700; and (3) whether federal law underlying the issue provides for a federal cause of action, *Grable* 545 U.S. at 318. Here, all of the factors weigh against substantiality.

If the resolution of a federal issue would have a broad impact on the Federal Government, then the issue may be substantial. *Municipality of Mayaguez v. Corporacion Para el Desarrollo del Oeste, Inc.*, 726 F.3d 8, 14 (1st Cir. 2013) (quoting *Gunn*, 568 U.S. at 260); *see also Grable*, 545 U.S. at 315 ("The Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action . . . ."). In *Grable*, the plaintiff brought a state law claim to quiet title. 545 U.S. at 311. The property in question had been seized from the plaintiff by the Internal Revenue Service five years prior to the lawsuit. *Id.* at 310-311. The plaintiff claimed—in an action against a third party that had purchased the property—that the IRS had failed to comply with federal notice requirements, thus rendering the seizure invalid and the plaintiff's title superior. *Id.* at 311. Because the resolution of the federal issue would have had a

direct impact on the actions taken by a federal agency, the Court determined that the issue "belong[ed] in a federal court." *Id.* at 315; *see also Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180, 199 (1921) (finding the federal issue to be substantial in a state law action questioning the constitutionality of the issuance of bonds by the Federal Government). Therefore, in *Grable*, the Court focused primarily on the "broader significance of the notice question for the Federal Government" and not on "the interests of the litigants themselves." *See Gunn*, 568 U.S. at 260-61 (discussing *Grable*).

In this case, there is no broad impact on the Federal Government because the Davis-Bacon issue does not directly affect actions taken by federal actors. The federal issue here relates to actions taken by private actors and a local agency. Either Defendants' actions violated the Davis-Bacon Act or they did not. The resolution of that question will impact the Defendants, but nothing about the decision will have a direct impact on prior actions taken by federal actors. The future actions of the Department of Labor may be impacted to a slight degree based on a precedential resolution of this issue, though the impact would occur only if the agency decides to seek guidance from a state court opinion on how to administer the Davis-Bacon Act in a particular factual scenario. Any hypothetical future actions of the DOL, however, would be "much farther removed [from this case] than the Internal Revenue Service's were from plaintiff's claim in *Grable*." *Municipality of Mayaguez*, 726 F.3d at 15. Therefore, there is no broad impact here. *Cf. One & Ken Valley Hous. Grp. v. Maine State Hous. Auth.*, 716 F.3d 218, 224 (1st Cir. 2013) (finding federal question jurisdiction when the state law claims raised disputes in contracts "approved by a federal agency and signed by a federal official").

The next factor that can demonstrate that a federal issue is substantial is if the issue presents a "nearly 'pure issue of law,' one 'that could be settled once and for all . . . .'" *Empire*

*Healthchoice Assurance, Inc.*, 547 U.S. at 700 (quoting R. Fallon, D. Meltzer, & D. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 65 (5th ed. 2003)). Conversely, a "fact-bound and situation-specific" issue will not warrant federal jurisdiction. *Id.* at 701. *Grable* is once again instructive. In *Grable*, the federal issue of whether the IRS gave the plaintiff proper notice was a "genuine disagreement over federal tax title provisions." 545 U.S. at 315. There was no dispute that the plaintiff received actual notice by certified mail. *Id.* at 311. The case turned on the plaintiff's assertion that federal tax law required *personal* service of notice. *Id.* Therefore, there were no issues of fact to decide and the resolution of the legal question was determinative. *See id.* at 315.

This case is much more "fact-bound and situation-specific." As the removing parties, Defendants bear the burden of showing jurisdiction exists. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). After one year of discovery and almost two years of litigation, Defendants are unable to boil the case down to a pure legal question that could resolve the Davis-Bacon issue. Dale attempts to do so by stating that it "remediated DLG's [Davis-Bacon Act] violations" by putting money into the Laborer's District Council Benefit Fund. *See* Def.'s Mot. Judgment on the Pleadings 3. Dale implies that determining the legal sufficiency of its alleged action will resolve the entire case. However, Dale does not indicate how its actions affect the liability of other Defendants or why Ali never received from the Fund the money he claims he is owed. Other class members claim to have tried to access the money but were denied. Pl's Mem. Class Certification 2 n.13. Therefore, the question is more than a pure legal determination of whether Dale's actions fulfilled its duty under the Davis-Bacon Act; the question is whether all Defendants fulfilled their duty in light of their specific actions and the specific actions taken by Ali. Because, the specific actions taken by the parties are not clear from

the record, the determination of the Davis-Bacon Act violation is fact-bound and situation-specific—providing a strong argument against federal jurisdiction. *See Ramos v. Wal-Mart Stores, Inc.*, 202 F. Supp. 3d 457, 470 (E.D. Pa. 2016) ("When a case [is fact-bound and situation-specific], the federal issue is not as substantial, because resolving the federal dispute will be primarily of value to the parties rather than to the federal system as a whole.").

It is important to note that the possibility that the state court may make the "wrong" decision in this fact-intensive case, does not affect the exercise of federal jurisdiction. As a preliminary matter, state courts are highly competent to answer questions of federal law. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (discussing the deeply rooted presumption in favor of concurrent state and federal court jurisdiction for federal causes of action). Nevertheless, even if a state court were to err in interpreting federal law, that alone is insufficient to trigger federal jurisdiction. *See Gunn*, 568 U.S. at 263.[14] Therefore, because of the limited impact and fact-bound nature of this case, the possibility of an incorrect state court determination is not enough to make the issue substantial.

Lastly, a lack of a private right of action under federal law is further evidence against federal jurisdiction. *See Grable*, 545 U.S. at 318 (stating that a lack of a private right of action is "worth some consideration in the assessment of substantiality"). While not dispositive, the absence of a private right of action can demonstrate evidence of the "'sensitive judgments about congressional intent' that § 1331 requires." *Id.* (quoting *Merrell Dow Pharm. Inc. v. Thompson*,

---

[14] It should also be noted that in this specific instance, the state court is in a far superior position to decipher the facts—having presided over this case for over a year prior to removal.

478 U.S. 804, 810 (1986)). Thus, the absence of a private right of action is a "missing welcome mat" for state claims that raise federal issues. *Id.*[15]

Here, the Davis-Bacon Act does not provide for a private right of action. *Weber v. Heat Control Co.,* 579 F. Supp. 346, 348, (D.N.J. 1982), *aff'd,* 728 F.2d 599, 599 (3d Cir. 1984). The absence of the right provides evidence that Congress did not intend federal courts to grant jurisdiction to state law claims that include a Davis-Bacon issue. Based on the above analyses, the Davis-Bacon issue is not substantial. *Accord McClean v. Philadelphia Hous. Auth.*, No. 12-CV-4706, 2013 WL 787032, at *4 (E.D. Pa. Mar. 1, 2013) (dismissing, for lack of jurisdiction, state contract claims seeking wages owed under the Davis-Bacon Act). [16]

Because the federal issue here is not substantial, it is unnecessary to consider the fourth prong of the analysis to determine possible disruption of the federal-state balance.

---

[15] In *Grable*, the Court also discussed the lack of preemption of state law claims as additional evidence against substantiality. 545 U.S. at 318 ("[T]he combination of no federal cause of action and no preemption of state remedies . . . [is] an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331."). Here, whether the Davis-Bacon Act preempts state remedies is not a settled question. *Compare Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (dismissing state law claims that raised Davis-Bacon issues), *with Cox v. NAP Constr. Co.*, 891 N.E.2d 271, 277 (N.Y. 2008) (disagreeing with *Grochowski* and finding that state law claims raising Davis-Bacon issues are not preempted). Therefore, the possibility of state law preemption does not provide evidence for or against substantiality.

[16] Dale has cited to one case that granted jurisdiction over similar state law claims predicated on a Davis-Bacon Act violation. *See Ibrahim v. Mid-Atlantic Air of DC, LLC*, 802 F. Supp. 2d 73, 75 (D.D.C. 2011), *aff'd*, No. 11-7150, 2012 WL 3068460 (D.C. Cir. July 19, 2012). Dale's citation to *Ibrahim* is unpersuasive. In *Ibrahim*, the district court found—in one sentence—that a "contract breach" claim asserting Davis-Bacon issues arose under federal law. *Id.* at 75. The court's jurisdiction was upheld in a summary affirmance by the D.C. Circuit. *See* 2012 WL 3068460, at *1. However, the case was filed pro se, and there was no motion to remand. Consequently, the *Grable* issue was neither presented nor discussed—providing little persuasive value to the analysis here.

## IV. CONCLUSION

For the reasons set forth above, federal question jurisdiction does not exist here and thus cannot provide a basis for removal. Therefore, I will grant Plaintiff's motion to remand this case back to the Philadelphia County Court of Common Pleas.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to: